UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

BERNARD HARDRICK,

           Plaintiff,                       Case No. 2:23-cv-198

v.                                           Honorable Paul L. Maloney

UNKNOWN BORGEN,

           Defendant.
_____/

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. In a prior order, the Court granted Plaintiff leave to proceed *in forma pauperis*, referred the case to the *Pro Se* Prisoner Civil Rights Litigation Early Mediation Program, and entered an order staying the case for any purpose other than mediation. (ECF No. 6.) Thereafter, the case was removed from early mediation pursuant to Plaintiff's request. (*See* ECF Nos. 9, 10.)

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's Fourteenth Amendment due process claim for failure

to state a claim. Plaintiff's First Amendment legal mail claim against Defendant Borgen will remain in the case.

## Discussion

I.  **Factual Allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Baraga Correctional Facility (AMF) in Baraga, Baraga County, Michigan. The events about which he complains occurred at that facility. Plaintiff sues AMF Sergeant Unknown Borgen. (Compl., ECF No. 1, PageID.1, 2.)

In Plaintiff's complaint, he alleges that on June 23, 2023, Defendant Borgen delivered "legal mail to him from this U.S. District Court." (*Id.*, PageID.2.) Defendant Borgen "opened and searched through the mail in front of the Plaintiff as required per MDOC policy," however, Defendant Borgen "stated that she did not like how some of the pages looked and informed the Plaintiff that she would be confiscating the legal documents without explaining why she would be confiscating them." (*Id.*) Plaintiff asked Defendant Borgen if he would receive a notice of intent (NOI) to explain why the legal mail was confiscated, and Plaintiff claims that Defendant Borgen "responded stating that she did not have to explain why she was taking the legal mail nor provide any NOI explaining why." (*Id.*) Plaintiff also asked if he would receive a hearing regarding the confiscated legal mail, and Defendant Borgen told Plaintiff that he did "not have a right to any hearing . . . because she will be making a xerox copy of the original documents sent by the Court to provide to the Plaintiff while she kept the original copies." (*Id.*) Plaintiff claims that because he did not receive "an original copy of his legal mail from this U.S. District Court nor has he been afforded the right to have an administrative hearing on the confiscated legal mail," he "is not sure what the original documents consisted of." (*Id.*, PageID.3.)

Based on the foregoing allegations, Plaintiff avers that Defendant Borgen violated his right to receive legal mail under the First Amendment. (*Id.*) Additionally, the Court construes Plaintiff's complaint to raise a Fourteenth Amendment due process claim. As relief, Plaintiff seeks compensatory, punitive, and nominal damages, as well as his costs and fees in the case. (*Id.*, PageID.4.)

## II.     Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. First Amendment Claim Regarding Interference with Legal Mail

"A prisoner's right to receive mail is protected by the First Amendment." *Knop v. Johnson*, 977 F.2d 996, 1012 (6th Cir. 1992) (citing *Pell v. Procunier*, 417 U.S. 817, 822 (1974)). "Mail is one medium of free speech, and the right to send and receive mail exists under the First Amendment." *Al-Amin v. Smith*, 511 F.3d 1317, 1333 (11th Cir. 2008) (citing *City of Cincinnati v. Discovery Network, Inc.*, 507 U.S. 410, 427 (1993)). A prisoner, however, retains only those First Amendment freedoms which are "not inconsistent with his status as a prisoner or with legitimate penological objectives of the corrections systems." *Martin v. Kelley,* 803 F.2d 236, 240 n.7 (6th Cir. 1986) (*quoting Pell*, 417 U.S. at 822); *see Turner v. Safley,* 482 U.S. 78 (1987). Incoming mail has long been recognized to pose a greater threat to prison order and security than outgoing mail. *Thornburgh v. Abbott*, 490 U.S. 401 (1989); *Turner*, 482 U.S. 78.

The Sixth Circuit has held that prison regulations governing "legal" mail are subject to a heightened standard than those governing general mail. *See Sallier v. Brooks*, 343 F.3d 868, 873–74 (6th Cir. 2003) (finding that legal mail is entitled to a heightened level of protection to avoid impinging on a prisoner's legal rights, the attorney-client privilege, and the right to access the courts). The ability of a prisoner "to receive materials of a legal nature" related to his legal rights and concerns itself implicates a fundamental right. *Kensu v. Haigh*, 87 F.3d 172, 174 (6th Cir.

4

1996). Courts have therefore extended protections to prisoners' legal mail that do not exist for general mail. For example, although "prison officials may open prisoners' incoming mail pursuant to a uniform and evenly applied policy with an eye to maintaining prison security," *Lavado v. Keohane*, 992 F.2d 601, 607 (6th Cir. 1993), "the opening of 'legal mail' should generally be in the inmate's presence . . . ." *Kensu*, 87 F.3d at 174 (citing *Wolff v. McDonnell*, 418 U.S. 539, 576–77 (1974)).

"[W]hat constitutes 'legal mail' is a question of law." *Sallier*, 343 F.3d at 871. "Mail from an attorney . . . is legal mail as a matter of law . . . ." *ACLU Fund of Mich. v. Livingston Cnty.*, 796 F.3d 636, 643 (6th Cir. 2015) (citing *Sallier*, 343 F.3d at 877). This includes where the attorney does not have an established attorney-client relationship. *See id.* Furthermore, although not all federal courts consider mail from courts to be "legal mail," *see, e.g.*, *Martin v. Brewer*, 830 F.2d 76, 78–79 (7th Cir. 1987); *Keenan v. Hall*, 83 F.3d 1083, 1094 (9th Cir. 1996), *amended*, 135 F.3d 1318 (9th Cir. 1998), the Sixth Circuit does, *see Sallier*, 343 F.3d at 876–77, and that is reflected in the MDOC policy directive.

Here, Plaintiff alleges that he was sent "legal mail" by this Court.[1] (Compl., ECF No. 1, PageID.2.) Plaintiff acknowledges that Defendant Borgen opened the mail in question in Plaintiff's presence. (*Id.*) However, Plaintiff alleges that after Borgen "stated that she did not like how some of the pages looked," Borgen photocopied the mail outside of Plaintiff's presence, and at that time, Plaintiff suggests that she could have tampered with the mail or read it. (*See id.*, PageID.2–3.)

---

[1] Plaintiff does not indicate what the legal mail from this Court consisted of; however, looking at Plaintiff's cases that were pending at that time, it appears that on June 23, 2023, he would have either received a report and recommendation that was issued on June 20, 2023, in case no. 2:21-cv-229 or an order dismissing the case following a PEM settlement that was issued on June 22, 2023, in case no. 2:22-cv-82. The Court notes that both of these documents are matters of public record. Nonetheless, at this stage of the proceedings, the Court assumes, without deciding, that the mail in question constitutes legal mail.

5

Although Plaintiff has by no means proven his First Amendment claim, at this stage of the proceedings, the Court will not dismiss Plaintiff's First Amendment legal mail claim.

### B. Fourteenth Amendment Due Process Clause Claim

"The Fourteenth Amendment protects an individual from deprivation of life, liberty or property, without due process of law." *Bazzetta v. McGinnis*, 430 F.3d 795, 801 (6th Cir. 2005). To establish a Fourteenth Amendment procedural due process violation, a plaintiff must show that one of these interests is at stake. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). The elements of a procedural due process claim are (1) a life, liberty, or property interest requiring protection under the Due Process Clause, and (2) a deprivation of that interest (3) without adequate process. *Women's Med. Prof'l Corp. v. Baird*, 438 F.3d 595, 611 (6th Cir. 2006). "Without a protected liberty or property interest, there can be no federal procedural due process claim." *Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 519 (6th Cir. 2007) (citing *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 579 (1972)).

It is well established that Plaintiff has a liberty interest in receiving his mail. *See Stanley v. Vining*, 602 F.3d 767, 769 (6th Cir. 2010) (citing *Procunier v. Martinez*, 416 U.S. 396, 428 (1974), *overruled on other grounds by Thornburgh*, 490 U.S. 401). The Sixth Circuit has held that an incoming mail censorship regulation must provide "that notice of rejection be given to the inmate-recipient" and that the inmate-recipient be given the opportunity to challenge the rejection. *Martin*, 803 F.2d at 243–44. The regulation "must also provide for an appeal of the rejection decision to an impartial third party." *Id.* at 244.

Here, Defendant Borgen "opened and searched through the mail in front of the Plaintiff"; however, Plaintiff claims that he was entitled to an administrative hearing because he "is not sure what the original documents consisted of" since he only received a "xerox copy" of the mail in question. (Compl., ECF No. 1, PageID.3.) Although it is clear that Plaintiff wished to receive the

"original copy" of the documents mailed to him, it is clear from Plaintiff's complaint that he received the process to which he was due because his mail was not rejected. (*Id.*) Instead, he received a "xerox copy" of the mail in question. (*Id.*, PageID.2.) If Plaintiff's mail had been rejected and not given to him, he would have been entitled to notice of the rejection and a hearing regarding the rejection. However, this is not a case where Plaintiff did not receive the mail that was sent to him; he simply received a copy of the mail, rather than the "original copy." (*Id.*, PageID.2–3.) Under these circumstances, the Court concludes that Plaintiff has failed to state a due process claim regarding his receipt of a "xerox copy" of the mail in question.

Furthermore, to the extent that Plaintiff alleges that Defendant Borgen deprived him of property without due process of law, this claim is barred by the doctrine of *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327 (1986). Under *Parratt*, an individual deprived of property by a "random and unauthorized act" of a state employee cannot maintain a federal due process claim unless the state fails to afford an adequate post-deprivation remedy. If an adequate post-deprivation remedy exists, the deprivation, while real, is not "without due process of law." *Id.* at 537. This doctrine applies to both negligent and intentional deprivations of property, as long as the deprivation was not pursuant to an established state procedure. *See Hudson v. Palmer*, 468 U.S. 517, 530–36 (1984). Plaintiff must plead and prove the inadequacy of state post-deprivation remedies. *See Copeland v. Machulis*, 57 F.3d 476, 479–80 (6th Cir. 1995); *Gibbs v. Hopkins*, 10 F.3d 373, 378 (6th Cir. 1993). The Sixth Circuit has noted that a prisoner's failure to sustain this burden requires dismissal of his § 1983 due process action. *See Brooks v. Dutton*, 751 F.2d 197 (6th Cir. 1985).

Here, Plaintiff fails to allege that his state post-deprivation remedies are inadequate. Plaintiff has available to him numerous state post-deprivation remedies. First, a prisoner who

incurs a loss through no fault of his own may petition the institution's Prisoner Benefit Fund for compensation. MDOC Policy Directive 04.07.112, ¶ b (eff. Dec. 12, 2013). Moreover, aggrieved prisoners may submit claims for property loss of less than $1,000.00 to the State Administrative Board. Mich. Comp. Laws. § 600.6419; MDOC Policy Directive 03.02.131 (eff. Oct. 21, 2013). Finally, Michigan law authorizes actions in the Court of Claims asserting tort or contract claims "against the state and any of its departments or officers." Mich. Comp. Laws § 600.6419(1)(a) (eff. Nov. 12, 2013). The Sixth Circuit has specifically held that Michigan provides adequate post-deprivation remedies for deprivation of property. *See Copeland*, 57 F.3d at 480. Plaintiff alleges no reason why a state-court action would not afford him complete relief for the deprivations, either negligent or intentional, of his personal property.

Moreover, to the extent that Plaintiff alleges that Defendant Borgen violated the MDOC's policy, he fails to allege a constitutional claim. Claims under § 1983 can only be brought for "deprivations of rights secured by the Constitution and laws of the United States." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982). Section 1983 does not provide redress for a violation of a state law or prison policy. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994); *see also Laney v. Farley*, 501 F.3d 577, 580–81 & n.2 (6th Cir. 2007). Additionally, courts routinely have recognized that a prisoner does not enjoy any federally protected liberty or property interest in state procedure. *See Olim v. Wakinekona*, 461 U.S. 238, 250 (1983); *Laney v. Farley*, 501 F.3d 577, 581 n.2 (6th Cir. 2007); *Brody v. City of Mason*, 250 F.3d 432, 437 (6th Cir. 2001); *Sweeton*, 27 F.3d at 1164; *Smith v. Freland*, 954 F.2d 343, 347–48 (6th Cir. 1992); *Barber v. City of Salem*, 953 F.2d 232, 240 (6th Cir. 1992).

For all of the above-discussed reasons, Plaintiff's Fourteenth Amendment procedural due process claims will be dismissed.[2]

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's Fourteenth Amendment due process claim will be dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Plaintiff's First Amendment legal mail claim against Defendant Borgen remains in the case.

An order consistent with this opinion will be entered.

Dated: January 24, 2024            /s/ Paul L. Maloney
                                   Paul L. Maloney
                                   United States District Judge

---

[2] To the extent that Plaintiff intended to raise a substantive due process claim regarding his receipt of a "xerox copy" of the mail in question, he fails to state such a claim. "Substantive due process 'prevents the government from engaging in conduct that shocks the conscience or interferes with rights implicit in the concept of ordered liberty.'" *Prater v. City of Burnside*, 289 F.3d 417, 431 (6th Cir. 2002) (quoting *United States v. Salerno*, 481 U.S. 739, 746 (1987)).

"Substantive due process . . . serves the goal of preventing governmental power from being used for purposes of oppression, regardless of the fairness of the procedures used." *Pittman v. Cuyahoga Cnty. Dep't of Child. & Fam. Servs.*, 640 F.3d 716, 728 (6th Cir. 2011) (quoting *Howard v. Grinage*, 82 F.3d 1343, 1349 (6th Cir. 1996)). "Conduct shocks the conscience if it 'violates the decencies of civilized conduct.'" *Range v. Douglas*, 763 F.3d 573, 589 (6th Cir. 2014) (quoting *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 846–47 (1998)).

"Where a particular [a]mendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that [a]mendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims.'" *Albright v. Oliver*, 510 U.S. 266, 273–75 (1994) (quoting *Graham v. Connor*, 490 U.S. 386, 394 (1989)) (holding that the Fourth Amendment, not substantive due process, provides the standard for analyzing claims involving unreasonable search or seizure of free citizens). If such an amendment exists, the substantive due process claim is properly dismissed. *See Heike v. Guevara*, 519 F. App'x 911, 923 (6th Cir. 2013). In this case, the Fourteenth Amendment Procedural Due Process Clause applies to protect Plaintiff's liberty interest in receiving his mail and the First Amendment applies to protect Plaintiff's right to the free flow of his mail. Consequently, any intended substantive due process claim is properly dismissed.